IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JEREMY WRIGHT,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　Case No. 23-CV-385-JFH-GLJ

MERRICK B. GARLAND and
ROBERT J. TROESTER,

    Respondents.

## OPINION AND ORDER

Petitioner Jeremy Wright ("Petitioner"), a prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking credit for time served in official detention prior to the date of his federal sentence. Dkt. No. 1. Respondents Merrick B. Garland and Robert J. Troester have moved to dismiss the Petition for lack of jurisdiction. Dkt. No. 12. For the reasons discussed herein, the Court grants Respondents' motion and dismisses the Petition without prejudice.

## BACKGROUND

Between November 2017 and January 2018, Petitioner was charged in three state criminal actions: District Court of Hughes County, Oklahoma, Case Nos. CF-2017-151 and CF-2018-8, and District Court of Oklahoma County, Oklahoma, Case No. CF-2017-7419.[1] While these state cases were pending, Petitioner was indicted in a federal criminal action in the United States District Court for the Western District of Oklahoma and taken into federal custody pursuant to a writ of habeas corpus ad prosequendum issued in that matter on April 2, 2018. *See United States v.*

---

[1] The Court takes judicial notice of the docket sheets and documents in Petitioner's state and federal criminal proceedings that relate directly to the matters at issue. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (explaining that federal courts may take judicial notice of publicly filed records in other courts "concerning matters that bear directly upon the disposition of the case at hand").

*Wright*, No. 18-CR-47-SLP-26 (W.D. Okla. April 2, 2018), Dkt. No. 255.  On June 20, 2019, the federal district court sentenced Petitioner to a 121-month term of imprisonment, "to run concurrently with the sentences that may be imposed in Oklahoma County District Court case CF-2017-7419 and Hughes County District Court cases CF-2018-8 and CF-2017-151."  J. at 2, *United States v. Wright*, No. 18-CR-47-SLP-26 (W.D. Okla. June 20, 2019), Dkt. No. 1035.  The Hughes County District Court subsequently issued judgments and sentences on December 3, 2019, in Case Nos. CF-2017-151 and CF-2018-8.[2]  *See* J. at 3, *Oklahoma v. Wright*, No. CF-2017-151 (Hughes Cnty. Dist. Ct. Dec. 3, 2019); J. at 3, *Oklahoma v. Wright*, No. CF-2018-8 (Hughes Cnty. Dist. Ct. Dec. 3, 2019).

On July 8, 2020, Petitioner submitted a letter in his federal criminal action, requesting that he receive credit for time spent in custody between April 2018 to June 2019.  Dkt. No. 12-1.  The federal district court construed Petitioner's request under 18 U.S.C. § 3585(b), which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:  (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."  18 U.S.C. § 3585(b); Dkt. No. 12-2.  The court denied relief due to lack of jurisdiction, explaining that the "initial authority to grant a sentence credit lies with the U.S. Attorney General" and Petitioner must "exhaust his administrative remedies by requesting relief from the Bureau of Prisons," prior to seeking relief from the court.  Dkt. No. 12-2, at 2.

---

[2]  The Oklahoma County criminal matter, Case No. CF-2017-7419, was dismissed in April 2020.

In his § 2241 Petition before this Court, Petitioner challenges the Western District of Oklahoma's determination and requests that the Court "[i]ssue credit for time served from April 10, 2018 to June 2019." Dkt. No. 1 at 2, 9. He asserts that he is currently in state custody at the Jackie Brannon Correctional Center, in McAlester, Oklahoma, serving the sentences imposed in the District Court of Hughes County, Oklahoma. *Id.* at 1. He contends that he cannot exhaust administrative remedies because the Federal Bureau of Prison's ("BOP") "Administrative Remedy Program does not apply to inmates confined in . . . non-federal facilities." *Id.* at 1, 3, 7 (citing 28 C.F.R. § 542.10(b)).

## DISCUSSION

It is the Attorney General's responsibility, through the BOP, to administer a federal sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). The Attorney General must determine the amount of sentence credit available under § 3585(b) "as an administrative matter when imprisoning the defendant." *Id.* "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). Federal regulations afford prisoners administrative review of the computation of credits, and prisoners may "seek judicial review of these computations after exhausting their administrative remedies." *Wilson*, 503 U.S. at 335. However, "[u]ntil the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for district court review, and the district court lacks jurisdiction" to consider the matter under § 2241. *Reed v. United States*, 262 F. App'x 114, 116 (10th Cir. 2008).[3]

---

[3] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Nothing in the record suggests that the BOP has made a sentence credit determination in the first instance. Dkt. No. 1 at 2, 9. Because it appears that the BOP has not made a sentence credit determination under § 3585(b), this Court lacks jurisdiction to review the matter under § 2241. *See Reed*, 262 F. App'x at 116; *Jenkins*, 38 F.3d at 1144 ("Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination."). Further, the Petition lacks sufficient allegations to determine whether a credit determination under § 3585(b) is appropriate. Notably, Petitioner does not indicate whether he already received credit toward either state sentence for the time at issue. *See Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002) (explaining that, if a prisoner received credit against his state sentence for the time spent in official detention prior to the date his federal sentence commenced, he is not entitled to pre-sentence credit under § 3585(b)).

## CONCLUSION

Based on the foregoing, the Court grants Respondents' Motion [Dkt. No. 12] and dismisses the Petition without prejudice. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the Petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Respondents' motion to dismiss [Dkt. No. 12] is GRANTED;

2. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED without prejudice;

3. a certificate of appealability is DENIED; and

4. a separate judgment of dismissal shall be entered in this matter.

Dated this 5th day of February, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE